UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**INSTITUTE FOR FREE SPEECH,**

   Plaintiff,

v.                                  No. 4:23-cv-0808-P

**J.R. JOHNSON, ET AL.,**

   Defendants.

## MEMORANDUM OPINION & ORDER

At the Court's request, the Parties submitted supplemental briefing regarding the propriety of transferring this case to the Western District of Texas. Having considered the briefs and applicable law, the Court concludes that this case should be and is hereby **TRANSFERRED** to the Western District of Texas, Austin Division.

## BACKGROUND

The Texas Election Commission (the "Commission") is the state agency responsible for enforcing the Texas Election Code, including provisions related to political contributions, expenditures, and political advertising. Texas Election Code § 253.094 prohibits corporations from making political "contributions" to candidates and political committees. The Code defines "contribution" as the "transfer of money, goods, services, or any other thing of value," including in-kind—or non-monetary—contributions.

The Institute for Free Speech is a nonprofit corporation based in Washington, DC whose mission is to "promote and defend the political rights to free speech, press, assembly, and petition guaranteed by the First Amendment through strategic litigation, communication, activism, training, research, and education." In furtherance of its mission, Plaintiff renders pro bono legal services in cases that impact free speech rights.

In light of the Texas Election Code's prohibition on in-kind political contributions, Plaintiff requested an advisory opinion from the Commission on whether pro bono legal services are a prohibited in-kind political contribution under the Code. On December 14, 2022, the Commission held a public meeting in Austin, and by a 5-3 vote, adopted Ethics Advisory Opinion No. 580. The opinion adopted the view that a corporation's pro bono legal services rendered to candidates or political committees are in-kind political contributions prohibited by the Texas Election Code.

Plaintiff sued, alleging that the advisory opinion burdens Plaintiff's free speech rights. Plaintiff claims it would like to represent Texans on a pro bono basis in order to challenge state-law restrictions on the right to speak or associate for political purposes, but is prohibited from doing so under the Commission's advisory opinion. Plaintiff has identified two prospective clients who reside in the Northern District—Chris Woolsey, a city council member in Corsicana, Texas, and the Texas Anti-Communist League, a political action committee with an address in Fort Worth, Texas.

At the Court's request, the Parties submitted supplemental briefing regarding the propriety of transferring this case to the Western District of Texas.

## LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice." The court may transfer *sua sponte. See Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988); *see also Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) ("Such transfers [under section 1404(a)] may be made *sua sponte.*"); *Franklin v. GMAC Mortgage*, 2013 WL 2367791, at *1 (N.D. Tex. May 30, 2013) ("The Court may . . . issue a Section 1404(a) transfer order *sua sponte.*") (Fitzwater, J.).

## ANALYSIS

In determining whether to transfer an action, the court considers "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (internal quotations and citations omitted). In applying section 1404(a), a district court is to first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir. 2003)). Once this initial determination is made, the court turns to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and "the interest of justice." *In re Volkswagen AG*, 371 F.3d at 203. The determination of "convenience" turns on a number of private- and public-interest factors, "none of which [is] given dispositive weight." *Id.*

As an initial matter, this action could have been brought in the Western District of Texas, Austin Division. A civil action may be brought in a "judicial district in which any defendant resides" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391. Here, the event giving rise to this lawsuit is a decision by the Commission to approve an advisory opinion at a public meeting, which occurred in Austin. Additionally, at least one defendant, the Commission's Executive Director, Defendant J.R. Johnson, is a full-time employee of the agency who lives and works in the Western District of Texas. *See* ECF No. 30 at 3. Since this matter could have been brought in the Western District of Texas, the Court must now determine whether private- and public-interest factors weigh in favor of transfer under § 1404(a).

### A. Private-Interest Factors

The private-interest factors to be considered are: (1) ease of access to sources of proof; (2) availability of compulsory process for witnesses; (3) the cost of witness attendance; and (4) all other practical factors that might make a trial more expeditious and inexpensive. *See In re Volkswagen*, 545 F.3d at 315.

*First*, the Commission's documents and records are maintained at its offices in Austin, including the documents and records related to the Commission meeting and advisory opinion at issue. *See* ECF No. 30 at 3. The only sources of proof within the Northern District are Plaintiff's supposed prospective clients—Chris Woolsey and the Texas Anti-Communist League. In fact, these two prospective clients are this case's only apparent connection to the Northern District. *See* ECF No. 1 at 3–4 ("But for the Commission's regulatory regime, Plaintiff would legally represent potential clients located in Tarrant County and Naverro County, both of which are counties within this district."). Thus, the center of gravity of this dispute is in Austin. Plaintiff's prospective and speculative clients are merely in orbit.

*Second*, to the extent compulsory process is needed to secure the attendance of non-parties, such as employees of the Commission and other individuals who live and work in and around Austin, transfer to the Western District would improve the availability of compulsory process.[1]

*Third*, the cost of attendance for willing witnesses weighs in favor of transfer. Although not mentioned in Plaintiff's Complaint, the only ties between the Northern District and any of the defendants is that two of the commissioners named in the case live within the Northern District. ECF No. 30 at 4. Although defendants Steven Wolens and Chad Craycraft live within the Northern District, as Commissioners on the Texas Ethics Commission, they regularly travel to Austin to vote and attend public meetings. ECF No. 30 at 3.

---

[1]Plaintiff argues that, to the extent Plaintiff's President, David Keating, would be compelled to attend a deposition in Texas, "Ft. Worth (DFW-DCA) is a little closer to DC than Austin (AUS-DCA) is to DCA." ECF No. 29 at 6. The Court finds this argument unpersuasive. A direct flight from DC to AUS airport takes three hours fifty minutes, compared to three hours twenty-five minutes from DC to DFW airport. But Plaintiff likely fails to consider the time it takes to drive from DFW airport to Fort Worth, compared to AUS to Austin. All else equal, the total travel time from DCA to Fort Worth is three hours fifty minutes, compared to four hours six minutes from DCA to Austin—closing the gap in travel times to only sixteen minutes. Having thoughtfully considered the burden of an additional sixteen minutes of travel time, the Court concludes that this is amounts to a relatively minor inconvenience—particularly when weighed against the travel time of other parties, witnesses, and counsel.

*Fourth*, other practical concerns weigh strongly in favor of transfer. Defendants' counsel, the Commission's in-house legal team, and Plaintiffs' counsel Courtney Corbello and Tony McDonald all maintain their law practices in Austin. Thus, transfer of venue to the Western District of Texas, Austin Division, would reduce attorneys' fees and travel costs for counsel on both sides.

### B. Public-Interest Factors

Next, the Court must consider whether public-interest factors weigh in favor of transfer. These public-interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *See In re Volkswagen*, 545 F.3d at 315.

*First*, the Court recognizes that the Western District of Texas, Austin Division, has a busy docket. That is not to say that the Fort Worth Division doesn't also have one of the busiest dockets in the country. The Western District, in total, had 3,884 civil cases pending as of June 30, 2023, compared to 4,018 in the Northern District, with the same number of judges. STATISTICAL TABLES FOR THE FEDERAL JUDICIARY, ADMIN. OFFICE OF THE U.S. COURTS, June 2023 Report, Tables C-1, D Cases (2023). But Austin is particularly busy. *See* ECF No. 29 at 9. Having considered the interest of the courts' administrative burden, Austin's docket notwithstanding, the Court finds that other factors weigh in favor of transfer.

*Second*, there is a strong interest in having this dispute resolved in Austin. The case involves an out-of-state Plaintiff challenging the actions of government officials in Austin. The fact that Plaintiff feels the effects of the Commission's decisions in the Northern District does not establish a local interest in the Northern District superior to that of the Western District. This is especially true because the effects felt within the Northern District are, at this point, hypothetical.

Plaintiff alleges that it would like to represent Chris Woolsey and the Texas Anti-Communist League at some point in the future—both of

5

whom would like to challenge a Texas political advertising law—but it is prohibited from doing so under the Commission's advisory opinion. *See* ECF No. 1 at 12. But Plaintiff may never even have the opportunity to represent these clients. With respect to Chris Woolsey, Plaintiff admits that its ability to represent Woolsey is contingent on Woolsey deciding to run for re-election or "for a different elected office in Texas," mount a legal challenge to a Texas political advertising law, and accept or solicit Plaintiff's pro bono legal representation. *Id.* at 10. Likewise, Plaintiff's representation of the Texas Anti-Communist League is contingent on the League's decision to engage in possible political advertising for unspecified future candidates, mount a legal challenge to the Texas advertising law, and accept or solicit Plaintiff's pro bono legal representation. *See Id.* at 11. These are at best loose ties to the Northern District. Austin, on the other hand, was where events giving rise to this action took place—the effects of which can be felt across the state.

With regard to the *third* and *fourth* factors, both the Fort Worth and Austin Division are familiar with the forum law that will govern the case and the case presents no conflict of law problems.

Having considered these factors, the Court concludes that this case should be **TRANSFERRED.**

## CONCLUSION

This case does not belong in the Northern District and certainly not in the Fort Worth Division. The only apparent connection to the Northern District is that the effects of the Commission's regulatory regime are experienced within this district because Plaintiff would, in the future, like to represent parties residing in the Northern District. But the effects of the Commission's regulatory regime are also experienced in Austin, all events that gave rise to this action occurred in Austin, and the Parties' counsel are effectively working out of Austin and DC. Thus, having considered the relevant private- and public-interest factors, the Court concludes that this case should be and is hereby **TRANSFERRED** to the Western District of Texas, Austin Division.

**SO ORDERED** on this **8th day of November 2023**.

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE